# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

    Plaintiff,

v.                                                               No. 10-cv-1097 WDS/ACT

TAOS COUNTY BOARD OF
COMMISSIONERS, DEPUTY CARLOS
ARCHULETA, in his individual capacity, and
DEPUTY PAUL GARCIA, in his individual
capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 3 filed Nov. 29, 2010). Defendant Taos County Board of Commissioners ("Board") opposes this motion (Doc. 9 filed Dec. 11, 2010). Defendant Carlos Archuleta has filed a notice of consent to removal (Doc. 8 filed Dec. 1, 2010). Defendant Paul Garcia has not filed an appearance in this case. For the reasons explained below, the Court finds that the motion is not well taken and shall be denied.

## BACKGROUND

The complaint brings claims for battery, negligence, and constitutional violations against the individual defendants, Deputies Archuleta and Garcia, and their employer, the Board. Plaintiff Julian Moreno has moved to remand this case to state court on the grounds that the notice of removal was untimely. He argues that based on the "first-served defendant" rule, the remand period expires thirty days after the first defendant is served, and if another defendant is

served thirty days after that time, the later-served defendant cannot then remove the case to federal court. In its response, the Board argues that this Court should instead follow the "last-served defendant" rule, to avoid the unfairness inherent in taking the position Plaintiff advocates. In his reply in support of the motion to remand (Doc. 11), Plaintiff raises an argument that was not set forth in his initial motion—namely, that all Defendants did not consent to removal and therefore the motion to remand must be granted. Additional briefing was ordered (Doc. 14), and in a surreply the Board contends that service on Defendant Garcia was improper and his consent to removal was therefore not necessary (Doc. 15).

## DISCUSSION

A notice of removal must be filed within "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A defect in the removal procedure is one of two grounds for remand specified in 28 U.S.C. § 1447(c). A defect in the removal notice, an untimely removal notice, or any failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure. *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342. Where there are multiple defendants, all

defendants served at the time of filing must join in the notice of removal. *Id.* (citing *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985); and *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). Although this mandate is not an express statutory requirement, it is well established that a notice of removal fails if this procedural requirement is not met. Generally, courts refer to this as the unanimity rule.

Based on the record transmitted from state court, Deputy Archuleta was served on September 21, 2010 (Doc. 7-1 at 14-15). Deputy Garcia was served on November 2, 2010 (Doc. 7-1 at 16-17). The Board was served on November 2, 2010 (Doc. 7-1 at 18-19). The notice of removal was filed on November 17, 2010 (Doc. 1). Deputy Archuleta filed a notice of consent to removal on December 1, 2010 (Doc. 8). Therefore, the removal notice was untimely if § 1446(b)'s 30-day limit started running from the date Deputy Archuleta was served, but timely if the 30-day limit started running from the date the Board was served. Additionally, the removal notice would be procedurally defective if service on Deputy Garcia were proper, as he did not file written consent to removal.

I.      **"First-Served Defendant" Rule**

A split of authority exists and the Tenth Circuit has not weighed in on this issue. Under the traditional rule, a defendant served after the first-served defendant's removal period expires cannot remove. *McKinney v Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992); *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). This Court has in the past adhered to this rule. *Walther v. Radioshack*, No. 2-cv-1001-WJ-LFG (Doc. 44 filed Nov. 1, 2002); *Meraz v. Lee*, No. 3-cv-00424-WJ-KBM (Doc. 14 filed June 17, 2003). In juxtaposition to these cases, a minority view has developed to become the "current trend" adopted by some

courts. *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1205-08 (11th Cir. 2008) ("[W]e observe that the trend in recent case law favors the last-served defendant rule."); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755-57 (8th Cir. 2001); *Brierly v. Alusuissse Flexible Packaging, Inc.*, 184 F.3d 527, 532-33 (1999). Under this view, the thirty-day period for removal begins for a particular defendant on the date it was served, as long as the previously served defendants consent.

The Court is not persuaded that the traditional view is still the majority view. *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("[W]e observe that the trend in recent case law favors the last-served defendant rule."). All the cases in support of this view which Plaintiff cites, including opinions issued by the undersigned, were decided almost a decade ago. Since then, at least one judge on this Court has come to the conclusion that the traditional view is no longer the correct doctrine. *Bonadeo v. Lujan*, No. 08-cv-0812-JB/ACT, 2009 WL 1324119, at *10-16 (D.N.M. Apr. 30, 2009). Furthermore, the fact that the circuit courts to adopt the first-served defendant rule did so in decisions from 1992 and 1986, prior to the Supreme Court's admonitions regarding formal service of process in *Murphy Brothers* in 1999, vastly lessens their persuasive value in my opinion.

In *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court emphasized the significance of formal service on defendants as opposed to simple notice of suit. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. . . . Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . ." *Id.* at 350. To adopt the first-served defendant rule would be to impose the requirement of removing a case from state to federal court on a later-served defendant before that defendant is

subject to the jurisdiction of the court.

The modern rule seems especially suited to cases such as this one. The traditional view presumes that it imposes a burden on defendants that is no more of an obstacle than, for example, the right of any other defendant to refuse to consent to removal. This presumption makes little sense where the first-served defendant in fact has consented to removal. Ensuring that the later-served defendant has not already lost the right to remove the case to federal court even before being summoned into court outweighs the value in strictly construing the removal statute against the possibility of removal. The Court therefore adopts the later-served defendant rule. The Board had 30 days from the time it was served on November 2, 2010 to remove this case, and Deputy Archuleta had 30 days to file his written consent to removal. This they did, and removal was proper.

## II.     Service on Deputy Garcia

Deputy Garcia did not file his consent to removal, but if he was not properly served, his consent was not necessary. *Cohen v. Hoard*, 696 F. Supp. 564, 566 (D. Kan. 1988) (exceptions to the unanimity requirement include "defendants who have not yet been served with process"). In supplemental briefing, the Board argues that service of formal process on Deputy Garcia was insufficient. Service was dropped off with Beverly Armijo at 105 Albright Street, Suite A, Taos, New Mexico. (Doc. 7-1 at 17). This is the address for the Taos County Administration office, not the Taos County Sheriff's Department, which was Deputy Garcia's employer. A secretary with the Taos County Administration office is not a registered agent for Deputy Garcia. Under New Mexico law, this service of process was insufficient.

*Edmonds v. Martinez*, 215 P.3d 62, 66 (N.M. Ct. App. 2009), recently made clear that New Mexico rules lay out a hierarchy of methods for service of process on an individual. First,

NMRA, Rule 1-004(F)(1) requires service to be attempted on the individual personally. Next, Rule 1-004(F)(2) requires service to be attempted on "some person residing at the usual place of abode of the defendant" *and* sent by first class mail to "the defendant's last known mailing address." Only then may Rule 1-004(F)(3) be invoked, which permits a copy of the process to be delivered and mailed to the defendant's "actual place of business or employment." Thus, even if service of process were effected at the correct address, which it appears not to have been, service would still be improper without following the requirements of Rule 1-004(F)(1) and (2).[1] Thus, Deputy Garcia's consent to remand was not required.

**THEREFORE, IT IS ORDERED THAT** Plaintiff's Motion to Remand to State Court is DENIED.

                                         _____
                                         UNITED STATES DISTRICT JUDGE

---

[1] The Court does not intend this ruling to have preclusive effect for purposes of a possible Rule 12(b)(5) motion by Deputy Garcia. The ruling herein is merely that the motion to remand will not be granted, which presents a different legal standard.