IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

    Plaintiff,

v.                                        Civ. No. 10-1097 WJ/ACT

TAOS COUNTY BOARD OF COMMISSIONERS,
DEPUTY CARLOS ARCHULETA, in his
individual capacity, and DEPUTY PAUL GARCIA,
in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Taos County Board of Commissioners' ["Board"] First Motion to Compel Discovery [Doc. 45]. For the reasons set forth below, the Motion is granted.

### Discovery Rules

The Federal Rules of Civil Procedure allow discovery of all relevant, non-privileged materials. Rule 26(b)(1). Rule 33, which governs interrogatories provides that interrogatories must be answered fully in writing under oath, unless the party objects. Rule 33(b)(3). Incomplete, inexplicit and unresponsive answers are improper. *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (D. Kan. 1977).

Rule 34 governs requests for production of documents. A party must produce, or make available for inspection and copying, documents which have been requested, unless an objection is made thereto.

Rule 37 provides the mechanism for compelling discovery from a party. Rule 37(a)(4) treats evasive or incomplete responses as a failure to disclose, answer, or respond. If a party moves to

compel and the court grants the motion, a party who fails to comply with the court's order may be sanctioned. *See* Rule 37(b)(A).

## Discussion

Plaintiff alleges that he suffered traumatic brain injury when he was tased by Defendant Archuleta. He claims he can no longer work or read. The Board submitted two interrogatories to Plaintiff requesting information on lost income, lost earnings, and other monetary damages for the years 2004 through 2010. *See* Interrogatories 4 and 5 at Doc. 71, 1-2. In his supplemental answers, Plaintiff stated:

> Plaintiff has suffered a loss of income as a result of the incident that he endured on June 13, 2009. Plaintiff was no longer able to perform his occupational duties at the level necessary to maintain the fiscal status that the company once held. Plaintiff was unable to perform commercial contracts offered by several entities, resulting in the income loss.

*See* Doc. 45-3 at 3.

Plaintiff again supplemented his response to Interrogatories 4 and 5 by listing the names of nine companies, with no addresses, no dates, or any information going to the issue of economic damages. *See* Doc. 60-1 at 6.

Plaintiff's answers are non-responsive to the interrogatories. He has 20 days from the entry of this order to provide the information requested, by answering fully, completely and under oath Interrogatories 4 and 5. Plaintiff's answers should include specific amounts for the income, wages or economic opportunity he claims to have lost and a description as to how the amounts were calculated or determined. If Plaintiff claims that he lost business contracts or potential contracts, he must provide the name, address and phone number for the business or individual whose business contract or potential contract he claims to have lost and the purported value of the lost business or contracts. Finally, Plaintiff must list his total income for each of the years 2006, 2007, 2008, 2009 and 2010.

Defendant Board also submitted requests for production requesting information about Plaintiff's claimed financial losses, including lost income, lost economic opportunities, or lost employment as alleged in Plaintiff's complaint. *See* RFP 6, 7. 11 and 15, Doc. 45-1 at 8-10. Plaintiff provided the same answer to RFPs 6, 11 and 15:

> Plaintiff will be hiring an economist or a vocational expert to testify concerning the impact the subject incident had on Plaintiff's ability to support a family. Dr. Gilman's expert report also addresses Plaintiff's injuries flowing from his work loss. Plaintiff has been self-employed: Plaintiff was required to read blueprints and quote the many large available jobs at the plan room. Due to the injury sustained in this issue, Plaintiff is unable to read, acknowledge and work on any blueprints. Plaintiff's business has received many phone calls to bid on large projects, however, was unable to bid due to the injuries Plaintiff sustained.

In response to Defendant Board's Motion to Compel, Plaintiff belatedly objects to the requests for production, saying that to produce his company's records would be unduly burdensome and that because Defendant Board only requested financial information about Plaintiff, he was not obligated to produce financial information for his company, Always Painting and Special Coatings.[1]

First, an objection may not be raised for the first time in a response to a motion to compel. *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 657 (D.Kan. 2004); *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D.Kan.1998) (quoting Fed.R.Civ.P. 33(b)(4) ("untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.' ")).

---

[1] In answer to Interrogatory No. 5, Plaintiff states that Always Painting and Special Coating is owned by his wife. In his response, Plaintiff states that Always Painting and Special Coating is his company. Whether the company is owned by Plaintiff or his wife, or both of them, it has apparently been the source of Plaintiff's income during the time period in question. Therefore, Plaintiff is to answer Interrogatory Nos. 4 & 5 and respond to Requests for Production Nos. 6, 7, 11 & 15 as they relate to any income derived by Plaintiff from Always Painting and Special Coating or any other source.

Second, Rule 34 requires a written response to a request for production to "state with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Rule 34 applies to all responsive documents in the party's "possession, custody, or control." As Defendant Board notes, Plaintiff's business address is the same as his home address. Plaintiff's belated objection that he wasn't required to produce business records is disingenuous at best.

This "answer" is unresponsive to the requests for production. Plaintiff will provide all documents requested in RFP Nos. 6 & 15, or make them available for inspection and copying, within 20 days of the entry of this order. If any documents requested do not exist, he will so state under oath. If the documents have previously been produced, he will identify them specifically.

Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded "Same as No. 5," which was "None, other than provided." If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath.

Plaintiff need not respond further to RFP No. 11, which is overly broad.

Plaintiff is advised that his failure to provide any financial records whatsoever may bar his claim for any economic damages at trial. Plaintiff is also advised that failure to comply with this Order may result in sanctions which could include a recommendation that his lawsuit be dismissed.

IT IS THEREFORE ORDERED that Defendant Taos County Board of Commissioners' First Motion to Compel Discovery [Doc. 45] is granted.

_____
Hon. Alan C. Torgerson
United States Magistrate Judge