IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

    Plaintiff,

v.                                                                                                                  Civ. No. 10-1097 WJ/ACT

TAOS COUNTY BOARD OF COMMISSIONERS,
DEPUTY CARLOS ARCHULETA, in his
individual capacity, and DEPUTY PAUL GARCIA,
in his individual capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Second Motion to Compel Against Taos Defendants and for Sanctions [Doc. 99]. Taos Defendants filed their Response [Doc. 101] and Plaintiff filed a Reply [Doc. 104]. The Court held a hearing on July 10, 2012. For the reasons set forth below, the Motion is denied.

On July 12, 2011 Plaintiff served certain discovery requests upon Defendants, including Request for Production of Documents (RFP) 8, which sought "[a]ny and all documents and materials concerning the Plaintiff of whatever kind or nature that were obtained by you or your agent." *See* Doc. 99-1, Exhibit 1. Defendants objected "to the extent it seeks information protected from discovery by the work product doctrine." Defendants did not submit a privilege log along with the response. Defendants then stated "that documents received from third parties through releases signed by Mr. Moreno or through subpoena have been and will be provided to counsel for the Plaintiff." *Id.*

Plaintiff filed his first Motion to Compel on October 7, 2011 [Doc. 42]. That motion included RFP 8. But, on October 26, 2011, Plaintiff withdrew that motion, and notified the Court that all

discovery issues had been resolved. [Doc. 54]. Plaintiff's instant Motion to Compel was filed on May 1, 2012, some eight months after the Plaintiff received Defendants' original response to RFP 8.

This district's local rules require that parties served with objections to discovery "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection . . . ." D.N.M.LR-Civ. 26.6. In April, 2012, Plaintiff's counsel sent an e-mail to Defendants' counsel, saying that he believed documents had been withheld in discovery because of statements made in, or exhibits attached to, Defendants' motion to dismiss. *See* Doc. 101-1, Exhibit A. Counsel also stated that his clients believed they were under surveillance and counsel stated that therefore his clients would be entitled to any videotapes in response to RFP 8. *Id*.

According to the United States Court of Appeals for the Tenth Circuit, the Court's local rules have the force of law. *See Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir.1980)(quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc*., 337 F.2d 888, 890 (10th Cir.1964)). "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.' " *Smith*, 626 F.2d at 796 (quoting *id*., 337 F.2d at 890).

A review of Plaintiff's Motion does not enlighten the Court as to why Plaintiff waited eight months to file his motion. Or why he did not ask for a privilege log from Defendants in a timely manner. There is no recourse to Plaintiff under Fed.R.Civ.P. 37. Rule 37 sanctions cannot be imposed unless a party violates a court's order. Because Plaintiff failed to file a timely motion to compel and failed to receive a favorable ruling from the Court, there has been no violation of a Court order.

Rule 26 mandates that all parties are under a continuing duty to supplement their discovery responses when a party learns that a previous disclosure was incorrect or incomplete. If Defendants have documents or other tangible things responsive to RFP 8, they are under a duty to produce such documents or tangible things.

At the hearing, the Court was advised that Defendants had produced all medical records in their possession. Defendants have also produced documentation regarding the policy on the use of tasers and Defendant Archuleta's certification regarding his training. If Defendants have not already done so, they must produce documentation or a list of Plaintiff's former addresses and Plaintiff's prior litigation or court proceedings.

Defendants were advised that if they have any surveillance photographs or videos of Plaintiff, they may not be able to use this evidence at Plaintiff's deposition or at trial if it is not first disclosed to Plaintiff.

For all of the foregoing reasons, Plaintiff's Second Motion to Compel Against Taos Defendants and For Sanctions [Doc. 99] is DENIED.

IT IS SO ORDERED.

_____
Alan C. Torgerson
United States Magistrate Judge