IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

        Plaintiff,

V.                                                      Case No. 10-CV-1097 WJ/ACT

TAOS COUNTY BOARD OF
COMMISSIONERS, DEPUTY CARLOS
ARCHULETA, in his individual capacity,
DEPUTY PAUL GARCIA, in his individual
capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF MARK W. REININGA, M.D.

THIS MATTER comes before the Court on Defendants Taos County of Commissioners, Deputy Carlos Archuleta, and Deputy Paul Garcia's Motion to Exclude or Limit the Testimony of Mark Reininga, M.D. **(doc. 157)**, filed February 8, 2013. The Court finds that Defendant's motion is well taken and shall be **GRANTED**.

Plaintiff has filed claims for battery, unreasonable search and excessive force, and negligent hiring, training, and supervision against Defendants arising from an incident on June 13, 2009, where Deputy Carlos Archuleta tased him after arresting him for drunk driving. The parties dispute, among other things, the effects of that tasing. Plaintiff has indicated that he will call his physician, Dr. Mark Reininga, who has treated him since December 2009, primarily providing medication management relating to psychological issues. Dr. Reininga has not been offered as an expert witness and will testify as a fact witness in his capacity as a treating physician.

Defendants ask this Court to prevent Dr. Reininga from offering any opinions on whether, as a result of the tasing, Plaintiff suffered physiological effects or injuries; brain damage or traumatic brain injury; severe cognitive disabilities; or PTSD or other psychological symptoms. They argue that as a family practitioner, Dr. Reininga is not qualified to make such diagnoses, and has instead relied upon Plaintiff's own statements about his injuries, as well as the report of Dr. Gilbert Kliman, Plaintiff's retained expert witness. In response, Plaintiff contends that Dr. Reininga will speak only to his own observations and experiences treating Plaintiff, but argues that such observations include conclusions about causation of any symptoms or injuries.

Lay witnesses, including treating physicians not offered as experts, may only offer opinions based on their own perceptions, and may not offer opinions based on scientific, technical, or other specialized knowledge. Fed.R.Evid. 701. In particular, treating physicians "may not provide testimony beyond the scope of [their] treatment of plaintiff," *Parker v. Cent. Kansas Med. Ctr.*, 57 Fed. App'x 401, 404 (10th Cir. 2003), and they may not offer opinions about causation of a medical condition, which require "knowledge derived from previous professional experience." *Montoya v. Sheldon*, 286 F.R.D. 602, 613 (D.N.M. 2012) (quoting *James River Ins. Co. v Rapid Funding, LLC*, 658 F.3d 1207, 1215 (10th Cir. 2011)).

Here, both parties agree that a recent District of New Mexico case, *Montoya v. Sheldon*, 286 F.R.D. 602, 613 (D.N.M. 2012) (Browning, J.), outlines the standard that should govern here. There, a plaintiff alleging excessive force sought to introduce testimony from the physician treating him for Post-Traumatic Stress Disorder (PTSD). Because plaintiffs failed to timely disclose the doctor as an expert witness, the Court ruled that the doctor could testify about her treatment of the plaintiff only as a lay witness. In that capacity, she could not

> express opinion as to matters which are beyond the realm of common experience and which require special skill and knowledge of an expert witness. . . . [or,] because of the "complex nature of depression and other mental conditions" . . . testify to any diagnosis of PTSD or any other mental disorder.  Nor can she offer opinion testimony that it was the Defendants' alleged unconstitutional conduct which caused [the plaintiff]'s panic attacks, because such testimony must be qualified as expert testimony under rule 702.  She also cannot testify to her hypotheses regarding the effect [the plaintiff]'s condition may have on his future. [She] cannot, therefore, testify to any of her future projections, including: (i) if [the plaintiff]'s panic attacks will continue or for how long; (ii) how long [the plaintiff] may continue to suffer from any mental disease with which she diagnosed him at time she treated him; (iii) how she anticipates that [the plaintiff]'s condition will lessen or become more severe; and (iv) the amount of damages [the plaintiff] will require to treat his condition.

*Montoya*, 286 F.R.D. at 620.

While the parties agree that the principles outlined in *Montoya* govern here, they appear to disagree on how those principles apply in the present case, perhaps because the content of Dr. Reininga's testimony remains something of a mystery.  The Court finds that under Fed.R.Evid. 701 as applied in *Montoya*, Dr. Reininga may testify as to his own experiences and perceptions of Plaintiff's health during the time Plaintiff has been treated.  This includes Plaintiff's own statements about his symptoms, which are admissible under Fed.R.Evid. 803(4) as statements made to a medical professional for the purposes of diagnosis and treatment.  That Dr. Reininga will not testify as an expert does not alter the nature of the statements that Plaintiff made to Dr. Reininga as a medical professional.  Dr. Reininga's observations and experiences also include any deterioration in Plaintiff's condition that Dr. Reininga has observed over the course of treatment.  Finally, Dr. Reininga may testify that Plaintiff told him that he only began to display symptoms after the Defendants' alleged unconstitutional conduct, "because it is helpful in clarifying [Dr. Reininga's] treatment of [Plaintiff], and [Plaintiff]'s statements to [him] are not based on scientific, technical, or specialized knowledge." *Montoya*, 286 F.R.D. at 620.

However, because of the "complex nature" of brain injuries and mental conditions, Dr. Reininga will not be allowed to testify that Plaintiff suffers from brain damage, post traumatic brain injury, cognitive disabilities, or PTSD.  Dr. Reininga is a family practitioner, who refers patients requiring cognitive testing to determine the presence of brain injury or trauma to a neuropsychologist.  His own observations do not allow him to diagnose these conditions without relying on outside scientific or technical knowledge.

Nor will Dr. Reininga be allowed to testify to the cause of any symptoms or deterioration that he has observed or Plaintiff has reported to him, or to attribute those symptoms or deterioration to Defendants' allegedly unconstitutional acts.  Fed.R.Evid. 803, Adv. Comm. Note to Para. 4 (statements of causation are admissible as pertinent to diagnosis or treatment, but not statements of fault; "[t]hus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light").  Plaintiff cites *Farris v. Intel Corp.*, 493 F. Supp.2d 1174, 1179 (D.N.M. 2007), for the proposition that Dr. Reininga may testify about causation of any symptoms observed during treatment.  However, the physician in *Farris* had been properly disclosed as an expert, but the Court struck his report because the plaintiff failed to timely submit it.  *Id.*  Therefore, the physician there was qualified as an expert, but limited to testifying based only on own observations during treatment.  Here, Dr. Reininga is not qualified as an expert, and thus may not testify about causation.

Further, Dr. Reininga may not testify as to the content of any expert reports about Plaintiff's health, including the report prepared by Dr. Gilbert Kliman, whom Plaintiff offers as an expert witness.[1]  Although expert witnesses may rely on out-of-court data not based in their own perceptions if "experts in the particular field would reasonably rely on those kinds of facts

---

[1] The admissibility of Dr. Kliman's expert testimony is the subject of Defendants' Motion in Limine to Exclude or Limit the Testimony of Plaintiff's Retained Expert Gilbert Kliman, M.D. (**doc. 156**).  Nothing in this order should be understood to address any issues raised in that motion.

or data in forming an opinion on the subject," Fed.R.Evid. 703, lay witnesses may not. Dr. Kliman's report is precisely the kind of "scientific, technical, or other specialized knowledge" about which a lay witness may not testify under Fed.R.Evid. 701.

Finally, this Court agrees with *Montoya* in holding that Dr. Reininga may not testify about whether Plaintiff's symptoms of psychological or physical distress will continue, or for how long; whether Plaintiff's condition will lessen or become more severe; and the amount of damages Plaintiff will require to treat his condition. Plaintiff does not object to these restrictions on Dr. Reininga's testimony.

Accordingly, to the extent that Dr. Reininga's testimony would have addressed matters beyond his own observations and experiences treating Plaintiff, including opinions about the cause of Plaintiff's symptoms or injuries and the content of Dr. Kliman's report, Defendants' Motion to Exclude or Limit the Testimony of Mark W. Reininga, M.D. (**doc. 157**) is **GRANTED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE