IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

        Plaintiff,

V.                                                   Case No. 10-CV-1097 WJ/ACT

TAOS COUNTY BOARD OF
COMMISSIONERS, DEPUTY CARLOS
ARCHULETA, in his individual capacity,
DEPUTY PAUL GARCIA, in his individual
capacity,

        Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ECONOMIC DAMAGES**

THIS MATTER comes before the Court on Defendants Taos County Board of Commissioners, Deputy Carlos Archuleta, and Deputy Paul Garcia's Motion for Summary Judgment on Economic Damages (**doc. 152**), filed January 18, 2013. The Court finds that Defendant's motion is well taken and shall be **GRANTED**.

Plaintiff has filed claims for battery, unreasonable search and excessive force, and negligent hiring, training, and supervision against Defendants arising from an incident where Deputy Carlos Archuleta tased him after arresting him for drunk driving on June 13, 2009. He alleges significant economic damages related to his business, Always Painting & Special Coatings. The discovery history for this case appears in full in United States Magistrate Judge Alan C. Torgerson's Report and Recommendation (**doc. 100**), entered May 2, 2012. In brief, Judge Torgerson had granted Defendants' First Motion to Compel Discovery (**doc. 45**), requiring Plaintiff to produce requested financial records, banking records and statements, contract bids, other documentation about Plaintiff's business, and personal and business tax returns for the past

five years (**doc. 75**).  Plaintiff subsequently provided deposit slips for unknown bank accounts, receipts for unknown credit cards, contracts and bid information, a worksheet showing jobs Plaintiff could not bid on, federal tax returns for the years 2006, 2007, 2008, 2009, and 2010, and state returns for 2009 and 2010.  In response to Defendants' Third Motion to Compel Discovery (**doc.** 77), Plaintiff stated that he had "produced all the documents in his possession and all the documents he is able to produce," and thus had "complied completely" with the requests for production.  Doc. 89 at 4.  Judge Torgerson then ruled that

> [b]ecause Plaintiff contends he has fully complied with the Court's order, at trial he will be limited to offering as evidence to support his claims for economic damages the documents he has produced to date.  No other documents will be allowed at trial or in support of, or in opposition to, pretrial dispositive motions.  Any expert opinion as to lost economic advantages, lost income, etc., must rely solely on the testimony of witnesses and the documents produced to date.

Doc. 100 at 5.  This Court overruled objections to and adopted the Report and Recommendations on June 27, 2012 (**doc. 110**).

Defendants now move for summary judgment on Plaintiff's claim of economic damages, arguing that according to the only evidence provided relevant to economic damages, Plaintiff's tax returns, his earnings more than doubled from 2008 to 2010, and therefore any claim of economic damages must fail.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or

denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252. A district court may grant summary judgment on any and all aspects of a claim, "including damages, if there [are] no genuine issues of material fact." *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1117 (10th Cir. 2009); *see Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 460 (D.N.M. 2011) ("Nothing in the rules of procedure concerning summary judgment or default judgment requires the court to treat damages differently than other issues or mandates a trial where there is no genuine issue of material fact.").

  This Court finds that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law. Rather than showing a loss of income, Plaintiff's tax returns demonstrate that his income rose from $147,316 in 2008, to $198,567 in 2009, and to $321,004 in 2010. No other evidence in the record goes to the amount of Plaintiff's alleged economic damages. Although Plaintiff contends that evidence supports his claim that he has lost the ability to work and that such a loss merits economic damages, he has not provided any evidence allowing the finder of fact to place a value on his ability to work.

  Plaintiff argues that he has submitted evidence of economic damages in the form of a spreadsheet listing "jobs that were available to bid on that Plaintiff's company was unable to bid on." Resp. to Defs.' Mot. for Summ. J. on Econ. Damages, Ex. 1 at 2 (Doc. 160-1 at 2). However, he provides no evidence showing that his company would have been awarded these bids, or how many such contracts his company would or could complete during the period addressed. Similarly, he provides no evidence supporting his statement that his company will

need to hire a professional estimator at a cost of $80,000/year to prevent a loss of income of $150,000/year for the next twenty years. Given that "unsubstantiated allegations carry no probative weight in summary judgment proceedings," *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992), such conclusory statements cannot support Plaintiff's claims.

Plaintiff also points to a medical report by psychologist Dr. Gilbert Kliman as evidence that he has been completely disabled and will be unlikely to be able to go back to work. Doc. 156-1 at 5. Assuming for the purpose of resolving this motion that Dr. Kliman's report is valid and admissible, even if it proves the fact of Plaintiff's disability, it provides no evidence about the amount of damages needed to compensate for such a disability.

Finally, the Court disagrees with Plaintiff's assertion that Defendants' motion requires assessment of Plaintiff's credibility.

Accordingly, Defendants' Motion for Summary Judgment on Economic Damages (**doc. 152**) is **GRANTED.**

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE