IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN MORENO,

        Plaintiff,

V.                                                 Case No. 10-CV-1097 WJ/ACT

TAOS COUNTY BOARD OF COMMISSIONERS,
DEPUTY CARLOS ARCHULETA,
in his individual capacity, DEPUTY PAUL GARCIA,
in his individual capacity,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISQUALIFICATION OF ATTORNEY MARTINEZ FOR WITNESS TAMPERING

THIS MATTER comes before the Court on Plaintiff Julian Moreno's Motion for Default Judgment and Disqualification of Attorney Martinez for Witness Tampering **(doc. 247)**, filed May 5, 2013.  The Court finds that Defendant's motion is not well taken and shall be **DENIED**.

Plaintiff alleges that defense counsel Jonlyn Martinez tampered with his proposed witness, Jennifer Sanchez, the ex-wife of Defendant Carlos Archuleta, by calling Sanchez and providing negative information about Plaintiff.  According to Plaintiff, this was an attempt to prevent Sanchez from meeting with Plaintiff's counsel, or offering testimony about Archuleta's past violent acts, about which she had informed the Taos County Sheriff's Department.  Defendants allege that after Martinez briefly spoke with Sanchez on the phone, counsel for Plaintiff telephoned Martinez and first accused her of witness tampering, then immediately raised the possibility of settlement.  Therefore, defense counsel argues that Plaintiff's counsel was attempting to gain an advantage in the litigation.

The Court has reviewed the affidavits of Sanchez and Plaintiff's counsel Shannon Kennedy, and finds nothing about Martinez's conversation with Sanchez to merit Martinez' disqualification or an award of default judgment in favor of Plaintiff. Neither Sanchez nor Kennedy state that Martinez told Sanchez not to meet with Plaintiff's counsel or not to testify at trial. Nor is any of the information about Moreno that Martinez provided to Sanchez contradicted by the evidence presented at trial.

Further, the Court finds that the conversation between Martinez and Sanchez, even if disconcerting to Sanchez, was harmless. Sanchez did meet with Plaintiff's counsel as planned; she was willing to testify at trial; and the Court ultimately deemed her testimony inadmissible. Plaintiff's case was not altered in any way by this incident.

However, the Court does not find that the motion was sufficiently frivolous to merit an award of fees and costs to Defendants.

Accordingly, Plaintiff's Motion for Default Judgment and Disqualification of Attorney Martinez for Witness Tampering (**doc. 247**) is **DENIED.**

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE